UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>    Plaintiff,<br><br> v.<br><br>RAUL RECAREY, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00562-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 53) |

  Plaintiff Kevin Hagan is a state prisoner proceeding through counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On August 30, 2024, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 53). As grounds, he states, "Plaintiff presents exceptional circumstances as set forth. Wherefore plaintiff requests this court request counsel to be appointed to assist Plaintiff in this case." (*Id.*).

  As an initial matter, Plaintiff is already represented by counsel in this case. *See* ECF No. 1, 50. That counsel is Benjamin Meir Rudin.

  Additionally, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the*

1

*Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel.

For these reasons, IT IS ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel (ECF No. 53) is DENIED WITHOUT PREJUDICE.

2. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff, in addition to serving counsel for Plaintiff.

3. The Clerk of Court is respectfully directed to terminate Raul Recarey, Warden Landon Bird, Kathleen Allison, Jason Pan[1], and Chief S. Gates[2] from this case as defendants.

IT IS SO ORDERED.

Dated: **September 3, 2024**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The record reflects that Recarey, Bird, Allison, and Pan were terminated from this action on January 1, 2023. (ECF No. 21 at 14).

[2] The record reflects that Gates was terminated from this action on February 28, 2023. (ECF No. 25 at 2).