UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>   Plaintiff,<br><br>  v.<br><br>RAUL RECAREY, et al.,<br><br>   Defendants. | Case No.: 1:22-cv-0562 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 29-2, 43, and 52) |

  Kevin Hagan seeks to hold the defendants, who are physicians at Valley State Prison, liable for violations of federal and state law related to the medical care he has received.  (*See generally* Doc. 29.) Plaintiff requests a preliminary injunction or temporary restraining order, seeking injunctive relief in the form of an order directs Plaintiff receive a recommended back surgery and adequate pain management.  (Doc. 29-2.)  The magistrate judge found Plaintiff failed to show he was entitled to injunctive relief at this time, and recommended the request be denied.  (Doc. 52 at 26-27.)

  Defendants moved to dismiss the third amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 43.)  The magistrate judge found Plaintiff stated cognizable claims for deliberate indifference against Drs. Sandu, Eskander, Longia, Son, and Mevi.  (Doc. 52 at 12-20.)  The magistrate judge found the "allegations against Defendants plausibly give rise to the inference that the failure to recommend, request, approve or order a surgery to address Plaintiff's back condition was medically unacceptable under the circumstances."  (*Id.* at 17.)  The magistrate judge also

1

found Plaintiff "sufficient alleges Dr. Son, Dr. Longia, and Dr. Mevi's overall delay in prescribing Plaintiff with stronger medication beyond over-the-counter medications and topical creams to address his pain was medically unacceptable;" and that "Dr. Eskander's failure to prescribe additional medication, despite Plaintiff's reports of pain and medical history, was medically unacceptable." (*Id.* at 19-20.)  In addition, the magistrate judge determined Plaintiff stated cognizable claims for medical negligence, and the claims were not barred because Plaintiff made a government claim that contained sufficient information for the CDCR to have notice of the factual allegations and conduct an investigation.  (*Id.* at 23-26.)  Finally, although Defendants assert they are entitled qualified immunity, the magistrate judge found "it is unclear at this early stage whether the decisions made by Defendants were medically acceptable in light of Plaintiff's allegations." (*Id.* at 22.)  Therefore, the magistrate judge recommended Defendants' motion to dismiss be denied.  (*Id.*)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 30 days.  (Doc. 52 at 27.)  The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Neither Plaintiff nor Defendants filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 31, 2024 (Doc. 52) are **ADOPTED**.
2. Plaintiff's request for injunctive relief (Doc. 29-2) is **DENIED**.
3. Defendants' motion to dismiss (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 10, 2024**

UNITED STATES DISTRICT JUDGE