UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>    Plaintiff,<br><br>v.<br><br>RAUL RECAREY, *et al.*,<br><br>    Defendants. | Case No.  1:22-cv-00562-JLT-EPG<br><br>ORDER REGARDING MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF<br><br>(ECF No. 56) |

On September 11, 2024, Attorney Benjamin Rudin moved to withdraw as Plaintiff's counsel, "because Plaintiff has rendered carrying out his representation unreasonably difficult." (ECF No. 56).

Local Rule 182 provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court:

> (d) Withdrawal. Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. L.R. 182(d).

1

"Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." *Id.* Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Professional Conduct 1.16(b)(4).

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

Attorney Rudin's motion to withdraw states that he gave Plaintiff notice of his intent to withdraw on August 14, 2024. (ECF No. 56-1 at 2). The motion further states that Attorney Rudin anticipates Plaintiff will oppose the motion.[1] (*Id.*).

Accordingly, IT IS ORDERED as follows:

1. Within 14 days after the date of this order, Plaintiff Kevin Hagan shall file a response in support of or in opposition to Attorney Rudin's motion to withdraw from representation. (ECF No. 56).
2. The Clerk of Court is respectfully requested to mail to Plaintiff a copy of this order and a copy of Attorney Rudin's motion to withdraw (ECF No. 56).

\\\
\\\
\\\
\\\

---

[1] Attorney Rudin indicates that he gave Plaintiff notice of his intent to withdraw on August 14, 2024. (ECF No. 56-1 at 2). On August 30, 2024, Plaintiff filed a motion to appoint counsel, which was summarily denied. (ECF Nos. 53-54).

2

3. Attorney Benjamin Rudin is instructed that he shall remain counsel for Plaintiff in this case unless and until the Court grants his motion to withdraw.

IT IS SO ORDERED.

Dated: **September 12, 2024**                     /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE