UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAUL RECAREY, *et al.*,<br><br>　　　　Defendants. | Case No.  1:22-cv-00562-JLT-EPG (PC)<br><br>ORDER SETTING HEARING REGARDING MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF<br><br>(ECF No. 56) |

　　　　On September 11, 2024, Attorney Benjamin Rudin moved to withdraw as Plaintiff's counsel. (ECF No. 56).

　　　　Local Rule 182(d) governs withdraw of counsel in these circumstances:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. LR 182(d) (emphasis added).

//

//

1

Attorney Rudin's motion to withdraw states that he gave Plaintiff notice of his intent to withdraw on August 14, 2024. (ECF No. 56-1 at 2). The motion further stated that Attorney Rudin anticipated Plaintiff would oppose the motion.[1] (*Id.*).

On September 13, 2024, the Court issued an order directing Plaintiff to respond to Attorney Rudin's motion to withdraw within 14 days, and for certain documents to be mailed to Plaintiff. (ECF No. 57). However, it appears that the order and documents were mailed to Plaintiff's old address.

Nevertheless, Plaintiff filed an opposition to the motion to withdraw on September 23, 2024. (ECF No. 58). Plaintiff's opposition states that he received a notice from Attorney Rudin on August 31, 2024, of his intent to withdraw. (*Id.* at 1). Plaintiff indicates that he has been in terrible pain for almost a decade and requested his attorney to contact CDCR and ask for palliative care, but his attorney refused. (*Id.*). Plaintiff states that in anger and depression, he got into an argument with his attorney and called him "worthless," but that this is not a valid reason for his attorney's withdrawal. (*Id.*). Plaintiff asks that his attorney continue to represent him or, if he should be removed, for the Court to appoint another counsel to represent Plaintiff. (*Id.*).

In light of the foregoing, the Court will set a telephonic hearing regarding Attorney Rudin's motion to withdraw. Both Plaintiff and Attorney Rudin shall attend this hearing telephonically. Defense counsel shall coordinate with staff at the Substance Abuse and Treatment Facility to ensure Plaintiff's appearance for the hearing.

Accordingly, IT IS ORDERED as follows:

1. The Court sets a hearing regarding Attorney Rudin's motion to withdraw on October 18, 2024, at 10:00 a.m., before Magistrate Judge Erica P. Grosjean in Courtroom 10 (EPG). Participation will be telephonic for all parties. Each party is to use the following dial-in number and passcode: Dial-in number 1-888-251-2909; Passcode 1024453.
2. Defense counsel shall coordinate with staff at the Substance Abuse and Treatment Facility in Corcoran to ensure Plaintiff's availability and appearance for the hearing.[2]

---

[1] Attorney Rudin indicates that he gave Plaintiff notice of his intent to withdraw on August 14, 2024. (ECF No. 56-1 at 2). On August 30, 2024, Plaintiff filed a motion to appoint counsel, which was summarily denied. (ECF Nos. 53-54).

[2] If counsel requires an additional order or writ to secure Plaintiff's telephonic participation, defense counsel shall inform the Court as soon as possible.

3. Attorney Benjamin Rudin is instructed that he shall remain counsel for Plaintiff in this case unless and until the Court grants his motion to withdraw.

4. The Clerk of Court is respectfully requested to mail to Plaintiff a copy of the following documents: the Order Adopting Findings and Recommendations (ECF No. 55); the Motion to Withdraw from Representation by Attorney Benjamin Rudin (ECF No. 56); the Order Regarding the Motion to Withdraw (ECF No. 57)[3]; and this order. The documents are to be mailed to the following address:

**Kevin Hagan, AM6145**

**CSATF/SP**

**P.O. Box 5244**

**Corcoran, CA 93212**

IT IS SO ORDERED.

Dated: **September 24, 2024**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is advised that if his opposition filed September 23, 2024, was fully responsive to Attorney Rudin's motion to withdraw (ECF No. 56), he may, but is not required, to file any further response to the motion. However, should Plaintiff wish to respond further to the motion, he is directed to file that response within 14 days of receiving the above-listed documents.

3