1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10    KEVIN HAGAN,                           Case No.   1:22-cv-00562-JLT-EPG (PC)

11                  Plaintiff,               ORDER GRANTING MOTION TO
                                             WITHDRAW AS COUNSEL
12          v.
                                             (ECF No. 56)
13    RAUL RECAREY, *et al.*,

14                  Defendants.

15

16          Before the Court is a motion to withdraw as counsel by Attorney Benjamin Rudin

17    ("Attorney Rudin"), counsel for Plaintiff Kevin Hagan ("Plaintiff"). (ECF No. 56). On September

18    11, 2024, Attorney Rudin filed the motion, stating that good cause exists to withdraw "because

19    Plaintiff has rendered carrying out his representation unreasonably difficult." (*Id.* at 1, citing Cal.

20    R. Prof. Conduct 1.16(b)(4) (additional citation omitted)). On October 23, 2024, Plaintiff filed an

21    opposition to the motion in which he acknowledged that, after an argument, he called Attorney

22    Rudin "worthless." (ECF No. 58).[1] The Court held a hearing on the motion on October 18, 2024.

23    With consent of defense counsel, portions of the hearing were conducted *ex parte* and remain

24    under seal.

25    _____

26    [1] Plaintiff concludes his opposition: "If it is decided that the removal of my attorney is warranted, the[n] I
      respectfully ask the court to appoint another counsel to represent me[.]" (ECF No. 58 at 2). Plaintiff is
      welcome to file another motion for the appointment of counsel. *See* ECF No. 53 (Plaintiff's previous
27    motion). However, as the Court explained to Plaintiff at the October 18, 2024, hearing, the appointment of
      pro bono counsel is an extraordinary action that the Court grants only in the most serious and exceptional
28    circumstances.

                                               1

1   For the reasons stated more fully on the sealed record, and as set forth below, the Court

2   grants the motion to withdraw.

3   **I.   DISCUSSION**

4   Local Rule 182(d) governs the withdrawal of counsel:
    Unless otherwise provided herein, an attorney who has appeared may not

5   withdraw leaving the client in propria persona without leave of court upon noticed
    motion and notice to the client and all other parties who have appeared. The

6   attorney shall provide an affidavit stating the current or last known address or
    addresses of the client and the efforts made to notify the client of the motion to

7   withdraw. Withdrawal as attorney is governed by the Rules of Professional
    Conduct of the State Bar of California, and the attorney shall conform to the

8   requirements of those Rules. The authority and duty of the attorney of record shall
    continue until relieved by order of the Court issued hereunder. Leave to withdraw

9   may be granted subject to such appropriate conditions as the Court deems fit.

10  E.D. Cal. LR 182(d). Under the California Rules of Professional Conduct concerning an

11  attorney's authority to permissively withdraw from representation, one ground for withdrawal is

12  where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the

13  representation effectively." Cal. R. Prof. Conduct 1.16(b).

14  Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand

15  v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may

16  consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to

17  other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the

18  degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety

19  Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

20  "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems

21  fit." Local Rule 182(d).

22  To preserve confidentiality, and with consent of defense counsel, the Court heard the

23  specific reasons for Attorney Rudin's motion to withdraw *ex parte*. Upon consideration of those

24  reasons, and upon unsealing the transcript, the Court concluded that Plaintiff has rendered

25  representation unreasonably difficult. Additionally, the Court found that there has been a total

26  breakdown of communication that would prevent an effective attorney-client relationship.

27  Accordingly, the Court concludes that Attorney Rudin's withdrawal as counsel for

28  Plaintiff is warranted under the provisions of California Rule of Professional Conduct 1.16(b). As

2

explained at the hearing, as the withdrawal presently leaves Plaintiff without representation, the Court shall grant Plaintiff 60 days to notify the Court if he wishes to proceed with his case, with or without substitute counsel.

## II.     CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. The motion to withdraw (ECF No. 56) is granted.

    a. The Clerk of Court is directed to terminate Attorney Benjamin Rudin as Plaintiff's counsel on the docket.

    b. The Clerk of Court is directed to add the following address for Plaintiff on the docket and to serve all future Court orders (including this order) at this address: Kevin Hagan, AM-6145, CSATF/SP, P.O. Box 5244, Corcoran, CA, 93212.

        i. If Plaintiff's address changes, he is directed to immediately file a statement with the Court with his new address. Failure to do so may result in the dismissal of this case. E.D. Cal. LR 183(b).

2. Within 30 days after entry of this order, Attorney Rudin shall provide Plaintiff with a copy of his complete case file if he has not already done so.

3. Within 60 days of the date of service of this order, Plaintiff shall file a signed and dated statement notifying the Court that either:

    a. Plaintiff has obtained new counsel, and if not, whether he intends to proceed without counsel in this case. If Plaintiff obtains new counsel, the attorney may file a notice of appearance on the record by no later than January 10, 2025; or

    b. Plaintiff wishes to voluntarily dismiss this case without prejudice.

4. If new counsel timely appears, or if Plaintiff timely files a statement that he intends to proceed without counsel, the Court will proceed with scheduling this case.

5. Aside from the direction provided in this order, the case is otherwise STAYED pending the receipt of notice as to how Plaintiff intends to proceed.

\\\
\\\
\\\

6.  If Plaintiff fails to comply with this order, he is advised that this case may be dismissed.

IT IS SO ORDERED.

Dated:   **October 18, 2024**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE