UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>        Plaintiff,<br><br>   v.<br><br>RAUL RECAREY, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00562-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 68) |

    Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    When Plaintiff initiated this case proceeding through counsel on May 9, 2022. (*See* ECF No. 1). On August 30, 2024, Plaintiff filed a motion for the appointment of pro bono counsel, which was denied, as Plaintiff was still represented by counsel. (ECF No. 53). Plaintiff's counsel filed a motion to withdraw from representation on September 11, 2024. (ECF No. 56). Following Plaintiff's opposition and a hearing on the matter, the Court granted counsel's motion to withdraw on October 18, 2024. (ECF No. 67). In its order granting the motion to withdraw, the Court directed Plaintiff to contact the Court within 60 days to state that he had obtained new counsel, wished to proceed *pro se*, or wished to voluntarily dismiss this case without prejudice.[1] Further,

---

[1] Pursuant to the Court's order, this case is currently stayed pending Plaintiff's notice to the Court on how he wishes to proceed.

1

Plaintiff was advised in the Court's order and at the hearing that while he was welcome to file another motion for the appointment of pro bono counsel, "the appointment of pro bono counsel is an extraordinary action that the Court grants only in the most serious and exceptional circumstances." *Id.* at 1, n.1.

In advance of the 60-day notification deadline in the Court's order granting the motion to withdraw, Plaintiff filed a second motion for the appointment of pro bono counsel on November 12, 2024. (ECF No. 68). As grounds, Plaintiff states the following:

> 1. Plaintiff Kevin Hagan is currently in a wheelchair, spends 23 hours a day in his bed. Therefor is unable to study or research in the law library to prepare for said case.
>
> 2. Plaintiff is in mental health treatment at the E.O.P. level of care, because of this he's unable to focus or understand.
>
> 3. Plaintiff is indigent with no family.

*Id.* at 1.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel. As the Court previously explained to Plaintiff, and as Plaintiff himself acknowledges, the appointment of such counsel is an extreme measure. *See* Plaintiff's Motion, ECF No. 68, at 1 ("Motion to appoint counsel in civil cases are granted only in exceptional circumstances." (citing *United States v. McQuade*, 579 F.2d 1180 (9th Cir. 1978)). Although the Court is sympathetic to Plaintiff's health struggles, he has not

presented exceptional circumstances required for the appointment of counsel. Notably, Plaintiff indicates that he is unable to study or research in the Law Library to prepare for his case but cites applicable case law and statutory authority in his motion, and states that he had "another inmate help him file this petition." *See* Plaintiff's Motion, ECF No. 68, at 2 ("Footnote"). Thus, it is apparent that Plaintiff, at the very least, has the benefit of the assistance of fellow inmates in preparing his filings. *See also* ECF No. 58 at 2 (Plaintiff's opposition to counsel's motion to withdraw from representation, concluding with a note and signature from another inmate indicating the filing was written on Plaintiff's behalf). Further, Plaintiff has not presented a likelihood of his success on the merits of his case, or an inability to articulate his claims due to their complexity. *See* Plaintiff's Motion, ECF No. 68, at 2 ("Exceptional circumstance warrant appointment of counsel include (1) proof of indigence[,] (2) [likelihood] of success on the merits[,] (3) and the ability of the plaintiff to articulate his or her claims *pro se* considering the complexity of the legal issues." (citing *Rand*, 113 F.3d at 1525[2]).

Therefore, the Court shall deny Plaintiff's second motion for the appointment of pro bono counsel. However, the denial shall be without prejudice to Plaintiff's ability to file another motion in the future.

For these reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 68) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 21, 2024**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's citation, note indicated as "*Randy v. Rowland*," includes the proper numerical citation to *Rand v. Rowland*.

3