UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>  Plaintiff,<br><br>  v.<br><br>RAUL RECAREY, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-00562-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 70) |

Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's renewed motion for the appointment of pro bono counsel. (ECF No. 70).

The Court denied a similar motion by Plaintiff approximately one month ago on November 21, 2024. (*See* ECF Nos. 68, 69). Plaintiff's current motion does not set for any changed circumstances or reasons to reconsider that order. As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

Plaintiff's current motion argues that he is entitled to counsel, but his cited authority[1] applies to habeas corpus proceedings. *See* 28 U.S.C. § 2254(d)(1) (providing circumstances under which an application for writ of habeas corpus may be granted for an individual in custody pursuant to State court judgment and regarding claims adjudicated on the merits in State court proceedings); *People v. Duvall*, 9 Cal.4th 464, 474 (1995)[2] (observing that on a petition for habeas corpus, petitioner should include copies of "reasonably available documentary evidence" to state facts on which relief is sought) (citations omitted); *In re Bower*, 38 Cal.3d 865, 872 (1985) (discussing petitioner's burden of stating a prima facie case on petition for habeas corpus). However, once again, there is no right to counsel in this case brought pursuant to 42 U.S.C. § 1983. *See Rand*, 113 F.3d at 1525 ("There is no constitutional right to appointed counsel in a § 1983 action.") (citation omitted).

Accordingly, Plaintiff's renewed motion for appointment of counsel will be denied.

For these reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 70) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 31, 2024**            /s/ Eric P. Groj
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff cites to *King v. Ryan* at "638 F.3d 1235 (9th Cir. 2011)," but this citation does not exist. Plaintiff may have been referring to *Kemp v. Ryan*, 638 F.3d 1245 (9th Cir. 2011), however, that case concerns habeas corpus proceedings, and in particular relevance here, the Sixth Amendment right to counsel in *criminal* proceedings.

[2] Plaintiff's motion does not provide the full citation to *People v. Duvall*, but the Court assumes that Plaintiff is referring to the 1995 California Supreme Court case.