UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>   Plaintiff,<br><br>v.<br><br>RAUL RECAREY, *et al.*,<br><br>   Defendants. | Case No. 1:22-cv-00562-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO APPOINT A MEDICAL EXPERT TO TESTIFY AT TRIAL<br><br>(ECF No. 87) |

  Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On June 6, 2025, Plaintiff filed a motion entitled "Motion for Order to Show Cause. Expert Testimony[1]." (ECF No. 87). Plaintiff's motion requests the Court to issue an order to show cause as to why an expert witness should not be appointed by the Court to testify. (*Id.*). Additionally, Plaintiff's motion requests the appointment of temporary counsel, should a show cause hearing by ordered by the Court. (*Id.,* p.5).

\\\
\\\

---

[1] The Court interprets Plaintiff's motion for order to show cause as a motion for a Court-Appointed Medical Expert.

1

For the reasons stated below, the Court will deny Plaintiff's motion for an order to show cause. Additionally, Plaintiff's request for the appointment of temporary counsel will be denied as moot.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed his initial complaint on May 5, 2022. (ECF No. 1). Plaintiff is proceeding on the Third Amended Complaint against Defendants Eskander, Longia, Mevi, and Sandhu, filed on June 6, 2023. (ECF No. 29). The third amended complaint alleges Defendants Eskander, Longia, Mevi, Sandhu, and Son failed to provide Plaintiff with medical treatment to address his chronic back pain, including a surgery recommended by an outside specialist, and failed to provide adequate pain management, medical tests and referrals thereby violating Plaintiff's Eighth Amendment rights for deliberate indifference to a serious medical need. Furthermore, Plaintiff alleges a state law claim for medical negligence against Defendants Longia, Mevi, and Son. (*See* ECF No. 29).

### B. Plaintiff's Motion for a Court-Appointed Medical Expert

In his motion, Plaintiff states he seeks the appointment of an expert witness "to testify in this matter concerning complex surgical procedures, confusing and conflicting medical testimony, or in the alternative, for nomination of an individual to serve as an expert witness on this matter." ECF No. 87). Specifically, Plaintiff argues that an expert is needed because, "this case has a very complicated field of practice;" the subject matter is technical because it "is quite often convoluted by multiple doctors at times having confusing, conflicting, and contradicting methodologies;" that appointment is necessary "through the Plaintiffs [sic] perspective is [sic] an impartial expert of medical procedure, its complexities and its controversies to provide all of the parties involve in this case and the jurors a [sic] understanding from a neutral viewpoint," and "to bring a sense of clarity to the legitimacy of the flaws within the California Department of Corrections and its medical services." (*Id.,* p.2)

Additionally, in his motion, Plaintiff requests the Court to grant temporary appointment of counsel to assist if an order to show cause hearing is ordered. (*Id.,* pp.4-5).

### C. Defendants' Opposition to Plaintiff's Motion

Defendants filed an opposition to Plaintiff's motion for an order to show cause regarding the appointment of an expert witness on June 19, 2025. (ECF No. 90). Generally, Defendants argue that Plaintiff's motion is premature, as the parties have not yet filed any dispositive motions, which may present arguments and disputed evidence warranting appointment of an expert witness, if the Court so required that assistance. (*Id.,* pp. 1, 3).

### D. Plaintiff's Reply to Defendants' Opposition

Plaintiff filed a reply to Defendants' opposition on August 4, 2025. (ECF No. 91). Plaintiff argues that an expert witness would be used to explain medical and technical terms used in the medical profession for the benefit of both parties and the jury. (*Id.,* pp. 1-2). Furthermore, Plaintiff contends that granting the request would not be premature because it "will assist the trier in understanding the surgery and lifelong physical complications involved and the severity of a surgery that Plaintiff may not wake up from, thus ending his life prematurely." (*Id.,* p.2).

## II. LEGAL STANDARD

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) states, "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (appointing a physician expert witness where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand."). Such experts are not appointed for the purpose of serving as an advocate for one party. See *Faletogo v. Moya*, No. 12CV631 GPC

1  WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of
2  Evidence does not contemplate court appointment and compensation of an expert witness as an
3  advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL
4  4049043, at *1 (E.D. Cal. Aug. 7, 2013) ("Rule 706 is not a means to avoid the in forma
5  pauperis statute and its prohibition against using public funds to pay for the expenses of
6  witnesses. . . .").

**III.   ANALYSIS**

The Court will deny Plaintiff's motion for a court-appointed medical expert.

Although Plaintiff states he seeks the appointment of a neutral medical expert, Plaintiff's arguments demonstrate he is essentially seeking an expert who will assist him in presenting his case. Plaintiff argues an expert is necessary because this case concerns complex surgical procedures, there is conflicting and confusing medical testimony that is exacerbated by multiple doctors with conflicting and contradicting opinions. (ECF No. 87, p.1). Furthermore, Plaintiff claims a medical expert is necessary through his "perspective" in order to provide all parties and jurors with a "neutral viewpoint" and to highlight "the flaws within the California Department of Corrections and its medical services." (*Id.*, pp. 1-2).

Plaintiff's arguments do not support the notion that the trier of fact would benefit from the appointment of a medical expert, but rather the parties, or more specifically, Plaintiff would benefit from the appointment of a medical expert. Rule 706(a), however, does not contemplate the appointment of an expert to assist one party to the detriment of the other side. Finally, a party is not entitled to a court-appointed expert.

Additionally, Plaintiff has not demonstrated that the appointment of an expert is necessary in the present case. This case is proceeding two claims, an Eight Amendment claim for deliberate indifference to a serious medical need against Defendants Sandhu, Longia, Son, Mevi and Eskander (ECF No. 29, pp. 20-22) and a state law medical negligence claim against Defendants Son, Mevi, and Longia. (*Id.,* pp. 22-23). The allegations the claims are based upon are that Defendants failed to provide Plaintiff with medical treatment to address his chronic back pain, including a recommended surgery, adequate pain management, medical tests and

referrals. (*Id.*). This action does not present an overly complicated issue requiring the assistance of an expert witness to understand. Moreover, Plaintiff can testify directly to his chronic pain and alleged lack of treatment.

Accordingly, Plaintiff's motion is denied and his request to have temporary counsel appointed for a show cause hearing is deemed moot.

### IV.    CONCLUSION AND ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Order to Show Cause as to Why a Medical Expert Should Not Be Appointed (ECF No. 87) is **DENIED**.

IT IS SO ORDERED.

Dated:    **October 3, 2025**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE