UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN, | Case No. 1:22-cv-00562-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| RECAREY, et al., | (ECF Nos. 76, 78, 83, 98) |
| Defendants. | |

Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 14, 2025, Plaintiff filed a motion for injunctive relief and on April 18, 2025, and a supplement to that motion on April 18. 2025. (ECF Nos. 76, 78). Plaintiff requests a Court order that he receive a back surgery and increased pain medication. Defendants filed an opposition to Plaintiff's motion on May 15, 2025, (ECF No. 83), and a supplement to that motion on September 30, 2025 (ECF No. 98), arguing Plaintiff is receiving appropriate medical care and is not entitled to injunctive relief.

For the reasons set forth below, the Court recommends that Plaintiff's motion for injunctive relief be denied.

\\\
\\\

1

## I. BACKGROUND

### A. Plaintiff's Claims in the Case

On June 6, 2023, Plaintiff filed his Third Amended Complaint (operative complaint). (ECF No. 29). Plaintiff's Third Amended Complaint alleges that Defendants J. Sandhu, H. Longia, M. Son, J. Mevi, and H. Eskander, who are all physicians at Valley State Prison ("VSP"), failed to provide Plaintiff with medical treatment that is needed to address his chronic back pain, including a surgery that was recommended by an outside specialist, adequate pain management, medical tests, and referrals. (*See* ECF No. 29).

Based on these allegations, Plaintiff asserts claims under the Eighth Amendment for deliberate indifference to a serious medical need against Defendants Bick,[1] Longia, Son, Mevi, and Eskander. (*Id.* at 20-22). Plaintiff also asserts state law claims for medical negligence against Defendants Son, Mevi, and Longia. (*Id.* at 22-23). Plaintiff requests preliminary injunctive relief and asks the Court to order that Plaintiff receive the recommended back surgery and adequate pain management. (*See* ECF No. 29-2).

### B. Plaintiff's Motion for Injunctive Relief and Supplement

Plaintiff filed a motion for injunctive relief on April 14, 2025. (ECF No. 76). Plaintiff states that a medical specialist, Doctor Yoo, recommended that Plaintiff receive a L2-3 lateral lumbar interbody fusion, T9 to pelvis posterior instrumented fusion, L1-2 and L2-3 laminectomies, along with optimization of his pain medication. Plaintiff claims that he is experiencing grave mental anguish and suffering due to the pain.

In support of his motion, Plaintiff submitted a Physician Note from Doctor Frank Kevin Yoo from Tri-City Medical Center dated December 12, 2024. (ECF No. 76). The note states as follows:

> History of Present Illness:
> This 54-year-old male is here for a follow-up visit. He is well-known to me who had L3-S1 interbody and instrumented fusion who had developed severe adjacent disc disease. We had previously requested surgical treatment and this had not been approved. I met with 1/23/2023 and requested authorization for L2-3 lateral lumbar interbody fusion, T9 to pelvis posterior instrumented fusion, L1-2 and L2-3 laminectomies. Kevin remains highly symptomatic with adjacent disc disease at

---

[1] Joseph Bick was recently substituted in his official capacity for Defendant Sandhu, who was also sued in his official capacity. (ECF No. 105).

2

> L2-3.  He would still like to proceed with surgical treatment.
>
> Physical Exam:
> He still has significant intractable back pain.
>
> Medical Decision Making:
> 1. The patient is still symptomatic and would like to proceed with surgery. Therefore, I request again authorization for L2-3 lateral lumbar interbody fusion, T9 to pelvis posterior instrumented fusion, L1-2 and L2-3 laminectomies.
> 2. Since long time passed when I last saw him, all his films are from 2022.  He needs more recent films.  He is scheduled for an MRI of lumbar spine.  I also request CT scan or lumbar spine and scoliosis x-rays.
> 3. He is scheduled for lumbar epidural steroid injections.  He has had them done before without any success.  I do not recommend repeating them.
> 4. Patient should also have optimization of his pain meds as the radiographic studies indicate he be in significant pain.

(ECF No. 76, at p. 9).

In his supplement, Plaintiff alleges that he continues to experience daily pain, and that CDCR stopped his prescription for Lyrica. Furthermore, Plaintiff claims he experienced withdrawals, in addition to severe pain, and had "suicidal ideations" until he was placed back on Lyrica. (ECF No. 78 at pp.1-2).

**C. Defendants' Initial Opposition**

In Defendants' initial opposition, they argue that Plaintiff is receiving adequate and appropriate medical care and is not entitled to injunctive relief. (ECF No. 83 at p.2).

Regarding Dr. Yoo's recommendation, Defendants state:

> The exhibit that Plaintiff attaches in support of his motion (*see* ECF No. 76 at 9) is a medical note from Dr. Yoo, a physician not employed by the California Department of Corrections and Rehabilitation (CDCR). (*See* Declaration of D. Clayton (Clayton Decl.) at ¶ 6.)  An outside physician's recommendation that a patient within CDCR's custody undergo a particular surgery or receive certain medications must be filtered through CDCR's internal policies and procedures, as assessed by various medical personnel and committees. (*Id.* at ¶¶ 9- 10.) At the conclusion of this review process, the recommendation is either approved or denied.  (*Id.*)
>
> . . .
> Plaintiff's chronic back pain is being adequately and appropriately managed with pharmaceutical medications, in accordance with CDCR policy. (Clayton Decl. at ¶ 11.) Further, Plaintiff is currently undergoing the aforementioned evaluation for

3

>the potential recommendation of another back surgery. (*Id.* at ¶ 6.) Additional information regarding the status of this evaluation should be learned following Plaintiff's next appointment with Dr. Yoo, which is currently scheduled for June 26, 2025. (*Id.* at ¶ 8.)

(ECF No. 83).

Defendants also submitted the declaration of D. Clayton, a board-certified doctor in internal medicine who currently serves as a Physician and Surgeon at Richard J. Donovan Correctional Facility (RJD) in San Diego, California. (ECF No. 83-1). Doctor Clayton explained that Plaintiff was scheduled to see Dr. Yoo again on June 26, 2025, at which time Dr. Yoo would provide an opinion of what the imaging of Plaintiff's back indicates and provide further assessment as to whether he still recommends that Plaintiff undergo back surgery and, if so, what the logistics and recovery of this surgery may entail. After receiving that recommendation, CDCR medical personnel would review the recommendation and either approve or deny it. (ECF No. 83-1, at p. 2).

Regarding Plaintiff's pain, D. Clayton states that Plaintiff "is currently prescribed a moderate dose of Tramadol, which is a synthetic narcotic, Duloxetine, Non-steroidal Anti-inflammatory drugs (NSAIDs), and has access to acetaminophen (Tylenol) at the canteen," and would not be prescribed additional pain medical in part because "Plaintiff has a history of substance abuse and exhibits drug-seeking behavior in his demands for medical staff to prescribe him narcotics. In addition, Plaintiff reported active use of methamphetamine (a recreational drug) to medical staff during a medical evaluation on May 8, 2025." (ECF No. 83-1, at p. 4).[2]

**D. Defendants' Supplemental Opposition**

Following a Court hearing on September 2, 2025 (ECF No. 95), the Court permitted the parties to file supplements addressing Plaintiff's medical treatment since he filed his motion. (ECF No. 96). On September 30, 2025, Defendants filed their supplement. (ECF No. 98).

Defendants represent that Plaintiff saw Dr. Yoo on June 26, 2025, and Dr. Yoo again

---

[2] Defendants also initially argued that the Court lacked jurisdiction to order injunctive relief because Plaintiff had been transferred to another institution, R.J. Donnelly, and thus "the medical intervention that Plaintiff seeks from the Court cannot be provided by Defendants, none of whom work at RJD." (ECF No. 83, at p. 4). However, given that Plaintiff sued his primary care physician in his official capacity in order to obtain injunctive relief if ordered, and that defendant has now been substituted with Joseph Bick, the Director of Health Care Services for California Correctional Health Care Service (CCHCS), also in his official capacity, this is no longer an issue. (ECF No. 105).

4

recommended that Plaintiff undergo back surgery. Dr. Zhang, Plaintiff's Primary Care Physician (PCP), submitted a Request for Service (RFS) for Plaintiff to undergo an eighth back surgery. (ECF No. 98 at p.2).

The RFS went through two levels of review, where it was finally heard by the Statewide Medical Authorization Team (SMART) Committee (SMART Committee) and according to Defendants, a comprehensive review was conducted of Plaintiff's current condition and his medical history and the RFS for Plaintiff's eighth back surgery was denied. (*Id.*).

Defendants state that the SMART Committee's decision to deny the surgery was primarily based on the fact that Plaintiff's medical condition had not changed since a previous RFS order for back surgery was submitted and denied in 2022. (*Id.,* p.3). Specifically, the SMART Committee compared Plaintiff's condition at the time of both RFS submissions for back surgery and found "he was still able to complete his activities of daily living (ADLs) (e.g., washing himself), he was functioning well and able to be housed on a General Population (GP) yard as opposed to a medical housing unit, and he was able to transport himself, albeit via wheelchair, to accomplish his daily needs (e.g., attending 'chow' and appointments)." (*Id.*). Additionally, the SMART Committee found that the risks of an eighth back surgery outweighed any potential benefits. (*Id.*). Specifically, "that an eighth back surgery would have only a 60% chance of improving Plaintiff's back condition and pain, and a 40% chance of worsening Plaintiff's condition and pain," and Plaintiff faced risks such as, "bowel and bladder nerve injury, paralysis, hematoma formation, and even death." (*Id.*).

While Plaintiff's surgery was denied, the SMART Committee decided that Plaintiff's pain required treatment and monitoring. (ECF No. 98 at p.4). Furthermore, the Committee recommended that Plaintiff's pain continue to be appropriately managed with all other available treatments, including, for example, medication interventions, physical therapy, weight management, or a combination of these options.

Defendants allege the RFS denial was communicated to Plaintiff by Dr. Zhang on September 11, 2025, and that Plaintiff was receptive to forgoing the surgery, so long as his back pain was adequately controlled with medication. (ECF No. 98 at p.4). Defendants claim that as of September 11, 2025, Plaintiff's pain medication protocol increased to better address the level of

pain that he was experiencing, as the previously prescribed Tramadol, a synthetic opioid, was replaced with Morphine, a more potent natural opioid. Plaintiff is receiving 45mg of extended-release Morphine twice a day and has access to other pain relief options such as Tylenol or Lidocaine patches as necessary.

Defendants claim that "as recently as September 24, 2025, medical staff noted that Plaintiff did not appear to be experiencing any pain—Plaintiff arrived at a medical visit in his wheelchair without assistance, he appeared comfortable and not in distress, and he was well-groomed and clean—and it was noted that Plaintiff was stable in terms of his ADLs." (ECF No. 98, p.4).

## II.   LEGAL STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established ....").

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000) (the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and

courts may not grant "relief that binds prison administrators to do more than the constitutional minimum").

### III. ANALYSIS

The Court recommends denying Plaintiff's request for injunctive relief because the Court cannot find, based on the evidence presented, that he is likely to succeed on the merits.

The Court appreciates that an outside neurosurgeon specialist has recommended that Plaintiff receive the surgery he seeks. This recommendation was based in part on recent medical imaging of Plaintiff's back, including computed tomography (CT) and x-ray scans. Moreover, Plaintiff's primary care physician at CDCR submitted a request for service for Mr. Hagan to receive back surgery sometime after June 26, 2025. (ECF No. 98-1). This is evidence that supports Plaintiff's claims in this case and request for injunctive relief.

However, Defendants have submitted evidence that CDCR's decision to deny him back surgery was supported by medical judgment, including the medical opinion that "there was only a 60% chance that an eighth back surgery would improve Mr. Hagan's current condition and pain, and a 40% chance of worsening it." (ECF No. 98-2, at p. 4).

Based on the evidence presented, the Court cannot say based on this record that Plaintiff is likely to succeed on the merits. The parties have presented conflicting medical opinions on the issue of whether it is medically necessary for Plaintiff to receive back surgery. Moreover, given that Plaintiff has had seven back surgeries in the past, the Court cannot conclude based on this record that an eighth back surgery is warranted. Thus, while it is possible that Plaintiff may ultimately prevail on his claim in this case, the Court does not find that Plaintiff has met his high burden of proving that he is entitled to injunctive relief.

Moreover, it appears that Plaintiff's request for pain medication has been granted since he filed this motion. Plaintiff is now receiving morphine, which is a more potent opioid. (ECF No. 98-1, at p. 4). Thus, his request for additional pain medication is moot.

Furthermore, given that Plaintiff seeks surgery in large part to decrease his pain, the fact that he is now receiving additional pain medication lends additional support to Defendants' contention that additional surgery is not medically warranted at this time.

## IV. CONCLUSION AND ORDER

For the reasons outlined above, the Court hereby recommends that:

1. Plaintiff's motion for injunctive relief (ECF No. 76) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen pages and may not include exhibits. The Court will not consider exhibits attached to the Objections. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the fifteen page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

IT IS SO ORDERED.

Dated: **October 20, 2025**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE