UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>   Plaintiff,<br><br>  v.<br><br>RAUL RECAREY, *et al.,*<br><br>   Defendants. | Case No. 1:22-cv-00562-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 112) |

  Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's sixth renewed motion for the appointment of pro bono counsel filed on January 8, 2025. (ECF No. 112).

  On August 25, 2025, Plaintiff filed his fifth motion for appointment of counsel. (ECF No. 94). The Court denied the renewed motion on October 2, 2025. (ECF No. 102). Plaintiff's current motion does not set forth any changed circumstances or reasons to reconsider that order.

  As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain

1

exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's current motion argues that he is entitled to counsel, yet Plaintiff has not alleged any change in circumstances that warrant reconsideration of the prior five orders denying Plaintiff's motions for appointment of counsel. Again, the Court notes, there is no right to counsel in this case brought pursuant to 42 U.S.C. § 1983. *See Rand*, 113 F.3d at 1525 ("There is no constitutional right to appointed counsel in a § 1983 action.") (citation omitted).

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's renewed motion for appointment of counsel (ECF No. 112) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 9, 2026**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE