UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN HAGAN,

                Plaintiff,

     v.

RECAREY, et al.,

                Defendants.

1:22-cv-00562-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR A TRANSFER DUE TO RETALIATION, MOTION FOR HELP, MOTION FOR HELP, AND MOTION FOR RETALIATION CELL EXTRACTION BE DENIED

(ECF Nos. 114, 115, 117, 118)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently proceeding on his claims for deliberate indifference to serious medical needs and medical negligence related to his chronic back pain.

Before the Court is Plaintiff's motion for transfer due to retaliation, motion for help, motion for help, and motion for retaliation cell extraction. (ECF Nos 114, 115, 117, and 118). In his motion for transfer, Plaintiff seeks a transfer from the prison where he is currently incarcerated to another prison because his current prison is "corrupt". (ECF No. 114 at 5). In both of his motions for help, Plaintiff seeks Court intervention because he has been in administrative segregation for 49 days. (ECF No. 115 at 1; and ECF No. 117 at 2). Finally, in Plaintiff's motion for retaliation cell extraction, Plaintiff again seeks transfer to another prison. (ECF No. 118 at 1-2).

1

As explained below, the Court will recommend that Plaintiff's motions be denied.

I.    BACKGROUND

a.    Plaintiff's Claims in the Case

On June 6, 2023, Plaintiff filed his Third Amended Complaint, which is the operative complaint. (ECF No. 29).  Plaintiff's Third Amended Complaint alleges that Defendants J. Sandhu, H. Longia, M. Son, J. Mevi, and H. Eskander, who are all physicians at Valley State Prison ("VSP"), failed to provide Plaintiff with medical treatment that is needed to address his chronic back pain, including a surgery that was recommended by an outside specialist, adequate pain management, medical tests, and referrals. (See ECF No. 29).

Based on these allegations, Plaintiff is proceeding on his claims under the Eighth Amendment for deliberate indifference to a serious medical need against Defendants Bick, Longia, Son, Mevi, and Eskander, as well as state law claims for medical negligence against Defendants Son, Mevi, and Longia. (Id. at 20-23). Plaintiff seeks a Court order that Plaintiff receive the recommended back surgery and adequate pain management. (See ECF No. 29-2).

II.    Plaintiff's Motions

Before the Court are several motions in which Plaintiff asks the Court to order prison officials, who are not defendants in this case, to take various actions unrelated to his pending claims in this case.

a.    Plaintiff's Motion to Transfer Due to Retaliation

Plaintiff filed his motion to transfer due to retaliation on January 12, 2026. (ECF No. 114). In the motion, Plaintiff states he was transferred from SATF in Corcoran, California to RJD Prison in San Diego, CA on February 20, 2025. (Id. at 1). Plaintiff claims upon arrival, he was sent to a yard that he knew he was not supposed to be at, because he was supposed to be on "level 2." Plaintiff alleges the next morning he was sent to administrative segregation ("Ad-Seg," or "the hole") for six days "because they made a mistake." (Id.)

Plaintiff states that on May 15, 2025, he was getting his PM medication when he was assaulted. Plaintiff claims the assault went on longer than it should have because no CDCR officer was at his post. (Id. at 2).

Plaintiff states that on August 7, 2025, he demanded to speak to a Sergeant because "I've went without my TV since arriving at R.J.D and I refused to lock up." (*Id.*) Plaintiff alleges he was assaulted by seven officers, taken to medical where a doctor named Sahla refused to examine and treat Plaintiff, but indicated otherwise in his report. Plaintiff states a Sergeant Mercado minimized the fact that Plaintiff was raped in 2015. (*Id.*).

Plaintiff alleges that on September 21, 2025, he was assaulted again and when the assault was broken up, Plaintiff was arrested behind his back but should have been cuffed at his waist due to medical problems. (*Id.* at 2-3).

Plaintiff alleges that on December 7, 2025, he was assaulted from behind by another inmate on his way back from "chow hall." (*Id.* at 3). On December 11, 2025, Plaintiff was sent to AD-Seg because he refused to lock up, stating the inmate who assaulted him on December 7 was in his building and Plaintiff wanted this inmate moved out of the building. (*Id.*). Plaintiff states he was in AD-Seg from December 11, 2025, until January 7, 2026. (*Id.* at 4). Plaintiff alleges he was denied personal property for 11 days. Further, Plaintiff claims he has a legal lawsuit he is supposed to be working on and as such, should not have been put in AD-Seg. Plaintiff claims he was put in AD-Seg to "impede me from being successfull [sic] on my lawsuit…"(*Id.*).

Plaintiff's motion asks for the Court's assistance in transferring him from "this corrupt prison into a prisons [sic] medical unit. Preferably OHU at Chino State Prison, it's the closest prison to San Diego, where all my friends, loved ones, the family I got left lives." (*Id.* at 5).

**b.   Plaintiff's Motion for Help filed on January 23, 2026**

Plaintiff's first motion for help was filed on January 23, 2026, and requests the Court's help. (ECF No. 115). Plaintiff alleges he has been held in AD-Seg for 40 days and has filed many 602s that have gone unanswered or been redirected. (*Id.* at 1-2). Plaintiff alleges this is being done to prevent him from working on this action. (*Id.* at 2).

**c.   Plaintiff's Motion for Help filed on February 2, 2026**

Plaintiff's second motion for help was filed on February 2, 2026. (ECF No. 117). In this motion, Plaintiff requests the Court's help because he is being denied access to his family,

denied adequate medical, and was brutally extracted from his cell resulting in a broken titanium rod in his lower back. (*Id.* at 1-2). Further, Plaintiff has been in AD-Seg for 49 days. Plaintiff alleges he has been assaulted twice on video camera. (*Id.* at 2).

### d. Plaintiff's Motion for Retaliation Cell Extraction

Plaintif's motion for retaliation cell extraction was filed on February 2, 2026, and requests the Court's assistance in facilitating a transfer from R.J.D. prison because of retaliation. (ECF No. 118). He claims he was extracted from his cell on January 23, 2026, and sustained "many injury from that incident." Plaintiff states he was sent to the hospital on January 24, 2026, and given an MRI, where it was discovered he had a broken titanium rod in his lower back. (*Id.*).

### III.    LEGAL STANDARD

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that analysis for a temporary restraining order and a preliminary injunction are "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24.

The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the

claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus exists "where the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* (citation and quotation marks omitted)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

**IV.   ANALYSIS**

The Court will recommend that Plaintiff's motions be denied because the relief they seek is unrelated to Plaintiff's claims in this case and is not directed at defendants in the case. Moreover, Plaintiff has not established the requirements for obtaining injunctive relief.

Plaintiff's claims pending in this case concern Plaintiff's allegations of chronic back pain and Defendants' alleged deliberate indifference and medical negligence in treating that back pain.  However, none of Plaintiff's pending motions concern medical treatment for his chronic back pain.  Moreover, Plaintiff's motions do not concern defendants in this case.  Thus, none of Plaintiff's motions meet the standards for injunctive relief.[1]

As described above, a preliminary injunction must request that the Court grant relief of the same character as that which may be granted finally. In this case, Plaintiff is not seeking, and could not obtain, relief related to alleged issues identified in these motions. Nor are the Defendants in this case responsible for the allegations put forth in these motions. Thus, there is

---

[1] It is worth noting that Plaintiff has filed multiple other requests for injunctive relief that are related to his pending claims.  Most recently, on April 14, 2025, Plaintiff filed a motion for injunctive relief requesting a Court order that he receive a back surgery and increased pain medication.   (ECF No. 76, 78).  The District Judge denied that request on December 31, 2025 (ECF No. 111), based on Findings and Recommendations that reviewed in detail the medical evidence related to Plaintiff's current medical condition.  (ECF No. 106 ("Defendants have submitted evidence that CDCR's decision to deny him back surgery was supported by medical judgment, including the medical opinion that "'here was only a 60% chance that an eighth back surgery would improve Mr. Hagan's current condition and pain, and a 40% chance of worsening it.'")).

not a sufficient nexus between the claims in the case and Plaintiff's motions.

Moreover, Plaintiff has not demonstrated that he is likely to succeed on the merits of his case or that he is entitled to extraordinary relief.

Further, while Plaintiff generally claims that he is being prevented from working on this action because of his time spent in AD-Seg, he does not explain how he is being prevented from litigating this case. On the contrary, Plaintiff has filed five separate documents in this case in the past month, (ECF No. 114, 115, 116, 117, 118), which demonstrates that he is still able to adequately access the courts.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Plaintiff's motion for transfer due to retaliation, motions for help, and motion for retaliation cell extraction be denied. (ECF Nos. 114, 115, 117, and 118).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 6, 2026**                      /s/ *Erin P. Groig*
                                                                      UNITED STATES MAGISTRATE JUDGE