UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br>Plaintiff,<br>v.<br>RECAREY, et al.,<br>Defendants. | 1:22-cv-00562-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO BE TRANSFERRED TO HIGH-RISK MEDICAL PRISON, MOTION TO GRANT SURGERY AND INCREASE PAIN MEDS, AND NOTICE OF WHAT'S BEEN HAPPENING BE DENIED<br><br>(ECF Nos. 141, 142, 146)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Kevin Hagan is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently proceeding on his claims for deliberate indifference to serious medical needs and medical negligence related to his chronic back pain.

Before the Court is Plaintiff's motion to be transferred to a high-risk medical prison (ECF No. 141), a motion to grant surgery and increase pain meds (ECF No. 142), and an apparent supplement to these motions captioned "Notice of What's Been Happening" (ECF No. 146). In his motion for transfer, Plaintiff seeks to move from the prison where he is currently incarcerated to a high-risk medical prison because he has been housed in administrative segregation for twelve days, has been assaulted by other inmates, and has not received his property. (ECF No. 141 at 2-3). Plaintiff also wants to transfer because he seeks an increase in his daily morphine doses. (*Id.*).

In his motion to grant surgery and increase pain medication, Plaintiff seeks a court order for an eighth back surgery and for an increase in his morphine pain medication. (ECF No. 142 at 1-3).

In his Notice of What's Been Happening, Plaintiff states that he does not have grab bars in his cell and has fallen several times and that he suffers every day because he is not receiving adequate pain medication. (ECF No. 146).

As explained below, the Court will recommend that Plaintiff's motions be denied.

## I. BACKGROUND

### A. Plaintiff's Claims in the Case

On June 6, 2023, Plaintiff filed his Third Amended Complaint, which is the operative complaint. (ECF No. 29). Plaintiff's Third Amended Complaint alleges that Defendants J. Sandhu, H. Longia, M. Son, J. Mevi, and H. Eskander, who are all physicians at Valley State Prison ("VSP"), failed to provide Plaintiff with medical treatment that is needed to address his chronic back pain, including a surgery that was recommended by an outside specialist, adequate pain management, medical tests, and referrals. (*See* ECF No. 29).

Based on these allegations, Plaintiff is proceeding on his claims under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants Bick, Longia, Son, Mevi, and Eskander, as well as state law claims for medical negligence against Defendants Son, Mevi, and Longia. (*Id.* at 20-23). Plaintiff seeks a Court order that Plaintiff receive the recommended back surgery and adequate pain management. (See ECF No. 29-2).

### B. Relevant Procedural History

#### 1. Previous Motion for Preliminary Injunction Seeking Eighth Back Surgery and Increased Pain Medication filed April 14, 2025

Plaintiff previously filed a motion for injunctive relief on April 14, 2025, requesting the Court order an eighth back surgery as recommended by an outside neurosurgeon, along with an increase in pain medication. (ECF No. 76). The Court conducted a hearing and allowed supplemental briefing on the issues.

The Court issued findings and recommendations and found that Plaintiff started receiving morphine, a more potent opioid, to treat his pain; and therefore, his request for

additional pain medication was moot. (ECF No. 106 at 7). The Court also found support in the record for Defendants' contention that additional surgery was not medically warranted at that time. (*Id.*).

The Court recommended that Plaintiff's requests for injunctive relief be denied because, based on the evidence presented, Plaintiff did not show a likelihood of succeeding on the merits and did not meet his high burden of proving that he was entitled to injunctive relief. (*Id.*). The district judge adopted the Court's findings and recommendations in full. (ECF No. 111).

**2. Previous Motion to Transfer Filed January 12, 2026**

Plaintiff also filed a previous motion to transfer on January 12, 2026. (ECF No. 114). In the motion, Plaintiff asked for the Court's assistance in transferring him from Richard J. Donovan Correctional Facility ("RJD") "into a prisons [sic] medical unit. Preferably OHU at Chino State Prison, it's the closest prison to San Diego, where all my friends, loved ones, the family I got left lives." (*Id.* at 5).

The Court issued findings and recommendations that Plaintiff's motion be denied because the relief he sought was unrelated to his claims in this case and was not directed at defendants in the case. (ECF No. 119 at 5). Moreover, the Court found that Plaintiff lacked a sufficient nexus between the claims in the case and his motions. (*Id.* at 5-6). Finally, the Court found that Plaintiff failed to demonstrate that he is likely to succeed on the merits of his case or that he was entitled to extraordinary relief. (*Id.* at 6).

**II. PLAINTIFF'S CURRENT MOTIONS**

Plaintiff was transferred from RJD to Kern Valley State Prison ("KVSP"), and he filed another motion to be transferred to a different facility, asking the Court to order prison officials to transfer him to a "high-risk medical prison." (ECF No. 141). Plaintiff also filed a motion asking the Court again for an order that he undergo back surgery and that prison officials increase his morphine dosage. (ECF No. 142).

**A. Motion to be Transferred to High-Risk Medical Prison**

Plaintiff filed his motion to be transferred from KVSP to a high-risk medical prison on June 11, 2026. (ECF No. 141). In the motion, Plaintiff states that he has been housed in a

facility for high-risk medical inmates since October of 2012 but was transferred to a facility that is not a high-risk medical prison. (*Id.* at 1-2). Plaintiff states that he is in administrative segregation again and alleges that he has been without his property for over twelve days and has been assaulted numerous times. (*Id.* at 2).

Plaintiff also seeks a transfer because he wants an increase in his morphine dose. (*Id.* at 3). Plaintiff states that the morphine dose he started in June of 2025 no longer has the same effect. (*Id.*).

**B. Motion to Grant Surgery and Increase Pain Medication**

Plaintiff's Motion to Grant Surgery and Increase Pain Meds was filed on June 18, 2026. (ECF No. 142). Plaintiff requests the Court order Plaintiff to undergo an eighth back surgery and delay the trial until after Plaintiff recovers. (*Id.* at 1). Plaintiff believes his outcome from surgery will be better than the previous seven surgeries because medical technology has advanced, and he has lost weight. (*Id.*). Plaintiff further states his morphine dosage should be increased. (*Id.* at 2).

Plaintiff attaches his declaration, which states that he was started back on morphine in June of 2025, and the "first six months on morphine was life changing as far as suffering from crippling back pain to being able to do ADL's [presumably, "activities of daily living"] and enjoy life a little." (*Id.* at 3). However, in the last six months, his morphine dosage has not controlled the pain the same as it did when he first started taking the medication. (*Id.*).

**C. Notice of What's Been Happening**

On July 16, 2026, Plaintiff filed a Notice of What's Been Happening. (ECF No. 146). Plaintiff states that he has been stripped of his ADA cell with grab bars to pull himself up from his mattress railings and has fallen multiple times. (*Id.* at 1). Plaintiff also states that he suffers every day because he is not receiving adequate pain medication. (*Id.*). Plaintiff believes his morphine dose must be increased because the body gets used to a particular dose. He argues that he is improperly housed in a prison that is not a high-risk medical prison and is therefore not equipped to address his medical issues. (*Id.* at 2).

\\\

**D. Defendants' Opposition**

In their opposition to Plaintiff's motions, Defendants argue that Plaintiff is receiving adequate medical care and has not met his high burden of the law and facts that clearly favor his position or that he is likely to succeed on the merits required for a preliminary injunction. (ECF No. 148 at 2).

Defendants state that Plaintiff was transferred from RJD on February 19, 2026 because RJD could no longer appropriately house him after Plaintiff's custody and classification factors changed. (*Id.* at 3). Defendants attach the declaration of D. Silva, RJD Correctional Counselor II, who states that Plaintiff's factors changed after a Rules Violation Report for resisting staff increased Plaintiff's placement from a Level III to Level IV facility and his Mental Health Services Delivery System ("MHSDS") level of care changed. (ECF No. 148-2 at 2). In addition, the Unit Classification Committee determined Plaintiff to be a program failure because his recent disciplinary behavior was aggressive in nature and inconsistent with the expectations for placement at a Level III facility. (*Id.*).

RJD no longer operated a Level IV facility and could not appropriately house inmates with Plaintiff's Level IV placement score and current case factors. (*Id.*).

Defendants state that the Institutional Classification Committee reviewed Plaintiff's case factors, including custody level, placement score, disciplinary history, housing needs, mental health status, disability placement needs, medical considerations, and institutional programming in order to determine his appropriate housing and transfer recommendations. (*Id.* at 1-3). Based on the availability of institutional programs and housing and considering Plaintiff's case factors, Plaintiff was transferred to KVSP. (*Id.* at 4).

Defendants also include the declaration of KVSP physician, Dr. C. Ho, who states that medical providers at KVSP have kept Plaintiff's morphine dosage the same from RJD but have increased the number of times a day he receives Lyrica[1], an additional pain medication. (ECF

---

[1] Lyrica is the brand name for pregabalin, a medicine that treats nerve pain by "calming overactive nerves in your body." https://my.clevelandclinic.org/health/drugs/19097-pregabalin-capsules (accessed Aug. 17, 2026).

No. 148-1 at 2). Plaintiff is prescribed a "substantial dosage of morphine," and Dr. Ho states that "[i]n my approximately fifteen years of experience practicing medicine within CDCR, I have not encountered another incarcerated patient prescribed such a high dosage of morphine for chronic non-cancer-related pain." (*Id.*).

KVSP medical providers have also referred Plaintiff for physical therapy. (*Id.* at 3).

On April 3, 2026, after his arrival at KVSP, Plaintiff was evaluated by an outside neurosurgeon, who recommended that Plaintiff undergo an eighth back surgery, and Dr. Hoang submitted a Request for Services on Plaintiff's behalf for review by the Statewide Medical Authorization Review Team ("SMART") Committee. (*Id.*). The SMART Committee determined that the proposed surgery presented significant risks, including a substantial possibility of worsening Plaintiff's pain and overall condition, while offering uncertain benefit. (*Id.*).

Dr. Ho agrees with the SMART Committee's determination because Plaintiff has undergone seven back surgeries without resolving his chronic pain, and Dr. Ho does "not believe there is presently a sufficient medical basis to conclude that the potential benefits of an eighth surgery outweigh the significant risks associated with the procedure." (*Id.*). Dr. Ho states that, since he arrived at KVSP, Plaintiff has continued to receive regular evaluations by medical providers, ongoing pain management, specialty consultations, physical therapy, and consideration of his requests for additional treatment, including an eighth back surgery. (*Id.* at 4). As such, Dr. Ho opines that "Plaintiff does not require placement at a higher-level medical institution." (*Id.*).

For these reasons, Defendants argue that Plaintiff's motions for preliminary injunction should be denied.

## III. LEGAL STANDARD

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not

have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that analysis for a temporary restraining order and a preliminary injunction are "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24.

The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus exists "where the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* (citation and quotation marks omitted)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

## IV. ANALYSIS

The Court will recommend that Plaintiff's motions be denied because he has not met the high burden for obtaining a preliminary injunction.

Plaintiff first requests to be transferred to another prison because he is currently in KVSP administrative segregation, has been without his property for at least twelve days, has no grab bars in his cell, and has been assaulted numerous times by other inmates. (ECF No. 141 at

1-2). These claims do not concern medical treatment for his chronic back pain or concern Defendants in this case. Thus, Plaintiff's motion to transfer based on conditions in administrative segregation and property loss do not meet the standards for preliminary injunctive relief.

As described above, a preliminary injunction must request that the Court grant relief of the same character as that which may be granted finally. Here, Plaintiff is not seeking, and could not obtain, relief related to administrative segregation, alleged assaults by other inmates, or property loss. Nor are Defendants – a health administrator and several doctors at another prison – responsible for the allegations surrounding Plaintiff's current conditions in administrative segregation. Thus, there is not a sufficient nexus between the claims in the case and Plaintiff's motion to transfer based on KVSP administrative segregation.

Plaintiff next argues that he should be transferred from KVSP because prison officials in another facility might increase his morphine dosage, and he believes KVSP is not equipped to treat his medical issues. (ECF Nos. 141, 146). However, Plaintiff has not demonstrated that providers are incapable of increasing his morphine dosage because he is housed at KVSP. Rather, Plaintiff states that providers have declined to increase the amount of morphine he is receiving despite his requests, and Plaintiff hopes that providers at another prison will respond differently.

Dr. Ho's declaration states that "Plaintiff's current pain management regimen is medically appropriate" and that he is receiving the same "substantial dosage of morphine" that he was getting at RJD. (ECF No. 148-1 at 2). KVSP providers have also added another dose of Lyrica each day to help manage Plaintiff's pain, referred him to physical therapy, and referred him to outside specialists. Thus, Plaintiff has not demonstrated that he cannot receive treatment for chronic pain at KVSP.

Likewise, Plaintiff has not demonstrated that it is medically appropriate to increase his morphine dose or that transferring facilities would change his treatment plan. Thus, Plaintiff has not met his high burden to receive preliminary injunctive relief including transferring facilities or increasing his morphine dose.

As to Plaintiff's request for an order that he receive an eighth back surgery, Plaintiff filed a previous motion for injunctive relief seeking surgery. The Court conducted a hearing on September 2, 2025 and received supplemental briefing from the parties. (ECF Nos. 95, 98, 104). Ultimately, the Court found that the parties presented conflicting medical opinions on the issue of whether it was medically necessary for Plaintiff to receive back surgery. (ECF No. 106 at 7). The Court found that, given Plaintiff's seven unsuccessful back surgeries in the past, "the Court cannot conclude based on this record that an eighth back surgery is warranted." (*Id.*).

The Court also concluded: "[G]iven that Plaintiff seeks surgery in large part to decrease his pain, the fact that he is now receiving additional pain medication lends additional support to Defendants' contention that additional surgery is not medically warranted at this time." (*Id.*).

In his current request for surgery, Plaintiff points to no additional evidence for the Court's consideration beyond the September 2, 2025 hearing.

Moreover, Dr. Ho noted that an outside neurosurgeon again recommended Plaintiff undergo an eighth back surgery on April 3, 2026, but stated that the SMART Committee considered the request in May of 2026 and determined that the "proposed surgery presented significant risks, including a substantial possibility of worsening Plaintiff's pain and overall condition, while offering uncertain benefit." (ECF No. 148-1 at 3). Dr. Ho opined that "[a]lthough Plaintiff continues to experience chronic pain, I do not believe there is presently a sufficient medical basis to conclude that the potential benefits of an eighth surgery outweigh the significant risks associated with the procedure." (*Id.*).

Again, with conflicting medical opinions on the issue of whether it is medically necessary for Plaintiff to receive back surgery, and while it is possible that Plaintiff may ultimately prevail on his claims in this case, the Court does not find that Plaintiff has met his high burden of proving that he is entitled to a preliminary injunction.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion to be transferred to a "high-risk medical prison" (ECF No. 141) be DENIED;

2. Plaintiff's motion to increase pain medication be DENIED. (ECF No. 142); and
3. Plaintiff's Notice of What's Been Happening (ECF No. 146) be DENIED. (ECF No. 146).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if there are any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 17, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE