**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN HAGAN,<br>Plaintiff,<br>v.<br>RECAREY, et al.,<br>Defendants. | Case No. 1:22-cv-00562 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTIONS FOR TRANSFER, FOR MEDICAL TREATMENT, AND REQUEST FOR STATUS<br><br>(Docs. 141, 142, 146, 149) |

Kevin Hagan seeks to hold the defendant liable for claims related to the medical treatment provided to address his chronic back pain, asserting claims for deliberate indifference to a serious medical need and medical negligence. (*See* Doc. 29.) Plaintiff filed motions for a transfer to a high-risk medical prison (Doc. 41), for the Court to grant surgery and increase his pain medication (Doc. 142), and a "notice of what's been happening" in this case (Doc. 146). The magistrate judge found Plaintiff did not show that he is entitled to the injunctive relief requested. (Doc. 149.)

First, the magistrate judge noted that Plaintiff's request to transfer was made "because he is currently in KVSP administrative segregation, has been without his property for at least twelve days, has no grab bars in his cell, and has been assaulted numerous times by other inmates." (Doc. 149 at 8.) The magistrate judge determined that "there is not a sufficient nexus between the claims in the case and Plaintiff's motion to transfer based on KVSP administrative

segregation." (*Id.*) The magistrate judge concluded that the identified conditions "do not meet the standards for preliminary injunctive relief." (*Id.*)

Evaluating the request for a transfer, the magistrate judge observed that Plaintiff asserted he should be transferred "because prison officials in another facility might increase his morphine dosage." (Doc. 149 at 8, citing Docs. 141, 146.) However, the magistrate judge found there was no evidence supporting a conclusion that KSVP providers were "incapable of increasing his morphine dosage." (*Id.* at 8.) The magistrate judge also observed that Defendants submitted declaratory evidence that the treatment being provided "is medically appropriate" and "KVSP providers have also added another dose of Lyrica each day to help manage Plaintiff's pain, referred him to physical therapy, and referred him to outside specialists." (*Id.*) The magistrate judge found that "Plaintiff has not demonstrated that he cannot receive treatment for chronic pain at KVSP" and he did not establish that it was medically appropriate to increase his morphine dosage. (*Id.*) To the extent Plaintiff requested another surgery, the magistrate judge observed that the Court previously denied this request and found nothing to support reconsideration of the prior order. (*Id.* at 9; *see also* Doc. 106.) Thus, the magistrate judge recommended the request for injunctive relief related to the treatment provided be denied. (*Id.* at 10.) The magistrate judge also recommended the Court deny the motion related to a status update. (*Id.*)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 152.) Plaintiff objects to the recommendation that a treatment adjustment be denied, asserting that "the doses should be increased" because his body has built a tolerance to the amount prescribed. (*Id.* at 1-2.) He also maintains a transfer is warranted because the KSVP treatment provider does not have experience "with a patient receiving morphine." (*Id.* at 2.) However, Plaintiff does not dispute the evidence related to the treatment provided being "medically appropriate" or the finding of the magistrate judge that the treatment provided at KSVP includes *more* than only morphine. He also does not dispute the finding that his motion for a transfer was based upon the conditions of administrative segregation, and there was not a requisite nexus between this assertion with the claims in issue. Consequently, Plaintiff fails to show that he is entitled to the extraordinary remedy of a preliminary injunction.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 18, 2026 (Doc. 149) are **ADOPTED** in full.
2. Plaintiff's motion to be transferred to "high-risk medical prison" (Doc. 141) is **DENIED**.
3. Plaintiff's motion for injunctive relief related to the treatment provided (Doc. 142) is **DENIED**.
4. Plaintiff's "notice of what's been happening" (Doc. 146) is **DENIED**.

IT IS SO ORDERED.

Dated: _September 28, 2026_

UNITED STATES DISTRICT JUDGE